UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL FUND MANAGEMENT
S.A., DEKA INTERNATIONAL S.A.
LUXEMBURG, DEKA FUNDMASTER
INVESTMENTGESELLSCHAFT MBH, DEKA
INVESTMENT GMBH, BAYERNINVEST
KAPITALANLAGEGESELLSCHAFT MBH,
HANSAINVEST HANSEATISCHE
INVESTMENT-GMBH, METZLER
INVESTMENT GMBH, NORD/LB
KAPITALANLAGEGESELLSCHAFT AG,
INKA INTERNATIONALE
KAPITALANLAGEGESELLSCHAFT MBH,
SWISS LIFE INVESTMENT MANAGEMENT
HOLDING AG, LGT FUNDS AGMVK, and
CITY OF RICHMOND *ex rel.* CITY OF
RICHMOND RETIREMENT SYSTEM,

    Plaintiffs,

vs.

CITIGROUP INC., CHARLES PRINCE,
VIKRAM PANDIT, GARY CRITTENDEN,
JOHN C. GERSPACH, STEVEN FREIBERG,
ROBERT DRUSKIN, THOMAS G.
MAHERAS, MICHAEL STUART KLEIN, and
KPMG LLP

    Defendants.

Civil Action No. 09 CV 8755 (SHS)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/09

## STIPULATION AND TOLLING AGREEMENT

WHEREAS, this action was commenced on October 14, 2009 by certain investors in the securities of Citigroup Inc., asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act [15 U.S.C. §§ 78j(b) and 78t(a)] and Rule 10b-5 promulgated by the Securities and Exchange Commission [17 C.F.R. § 240.10b-5] and common law fraud claims;

WHEREAS, a First Amended Complaint was filed on November 3, 2009;

WHEREAS, the plaintiffs in the action are International Fund Management S.A., Deka International S.A. Luxemburg, Deka FundMaster Investmentgesellschaft mbH, Deka Investment GmbH, Bayerninvest Kapitalanlagegesellschaft mbH, Hansainvest Hanseatische Investment-GmbH, Metzler Investment GmbH, Nord/LB Kapitalanlagegesellschaft AG, INKA Internationale Kapitalanlagegesellschaft mbH, Swiss Life Investment Management Holding AG, LGT Funds AGmvK, and City of Richmond *ex rel.* City of Richmond Retirement System (collectively, "Plaintiffs");

WHEREAS, KPMG LLP was named as a defendant in both the initial complaint and the First Amended Complaint in the action;

WHEREAS, Plaintiffs have agreed to dismiss the action, without prejudice, as against KPMG subject to KPMG's agreement that the statute of limitations with respect to KPMG shall be tolled as set forth herein; and

WHEREAS, the undersigned attorneys are authorized, respectively, to execute this agreement on behalf of the parties which they represent.

NOW IT IS THEREFORE AGREED, by and between Plaintiffs and KPMG, through their undersigned attorneys, that:

1. Foley & Lardner LLP is authorized to accept on behalf of KPMG, and hereby does accept service of the summons and complaint in this action without prejudice. KPMG hereby does not waive any defenses, objections or arguments except as to sufficiency of service of process.

2. Promptly following the filing of this stipulation, Plaintiff shall file a notice of dismissal of this action as against KPMG only, without prejudice, subject to the tolling of the statute of limitations as provided herein. Plaintiffs have not previously dismissed

any federal or state court action based on or including the claims whose dismissal is provided for herein.

3. The statute of limitations with respect to any claim or cause of action which has been or could have been asserted in this action under SEC Rule 10b-5 and §§ 10(b) and 20(a) of the Securities Exchange Act, or under common law, as against KPMG as of the date of the initial filing of the complaint in this action is tolled from October 14, 2009 through the date that termination is effective pursuant to ¶ 12 or ¶ 13 below (hereinafter the "Tolling Period").

4. The Tolling Period shall not be included in determining the applicability of any statute of limitations, statute of repose, laches or any other defense based on the passage of time in any suit brought by any of the Plaintiffs against KPMG which asserts the claims or causes of action described in ¶ 3, above.

5. KPMG will not contend or assert that the passage of time during the Tolling Period directly or indirectly bars or otherwise prejudices the prosecution or maintenance of any such claim by Plaintiffs.

6. During the period from the effective date of this Agreement through its expiration or termination, Plaintiffs agree that they will forbear and postpone the further assertion, filing, commencement or prosecution of any claim or cause of action under SEC Rule 10b-5 and §§ 10(b) and 20(a) of the Securities Exchange Act or under common law against KPMG which has been or could have been asserted in this action.

7. If no civil action, claim or other legal proceeding asserting a claim by Plaintiffs against KPMG under SEC Rule 10b-5 and §§ 10(b) and 20(a) of the Securities Exchange Act or under common law is pending upon the date of expiration or

termination of this Agreement, then the time shall thereafter begin to run again on any such claims with respect to any unexpired period related to any applicable statute of limitations or repose.

8. The Parties agree that this Agreement does not revive any claim or cause of action that was barred by the statute of limitations in any applicable jurisdiction prior to October 14, 2009, and by entering into this Agreement KPMG does not waive its right to assert the expiration of the statute of limitations (on account of the passage of time occurring prior to October 14, 2009) in any applicable jurisdiction as a defense to the assertion of any such claim or cause of action.

9. Nothing in this Tolling Agreement shall preclude any party in this action from conducting reasonable discovery of KPMG as a non-party witness. KPMG reserves all rights to assert any good faith objection to any discovery pursuant to the Federal Rules of Civil Procedure.

10. The undersigned counsel for KPMG hereby agrees to accept service of any discovery of KPMG issued by Plaintiffs.

11. The provisions of this Tolling Agreement shall be binding on the successors and assigns of each party, including but not limited to the acquirer of the business or assets of such parties.

12. In the event that this action settles or is otherwise concluded as against all defendants other than KPMG, this Tolling Agreement shall terminate and shall be of no further force and effect commencing on the date the district court enters a final judgment concluding the action against the last defendant.

13. Any party to this Tolling Agreement may terminate it by written notice to the undersigned counsel for the parties. Any such termination shall be effective thirty (30) days after all parties hereto have received such notice.

14. No addition or modification to this Tolling Agreement shall be effective unless set forth in writing by the parties hereto.

15. This Tolling Agreement may be executed in counterparts and execution signatures to this document that are sent by facsimile (or sent as PDF via email) shall be accepted as if they were originals.

IN WITNESS WHEREOF, the undersigned have caused this Tolling Agreement to be executed on December 23, 2009.

| | |
|---|---|
| **FOLEY & LARDNER LLP** | **GRANT & EISENHOFER P.A.** |
| *Robert A. Scher* | *Shelly L. Friedland* |
| Robert A. Scher | Stuart M. Grant |
| 90 Park Avenue | Megan D. McIntyre |
| New York, NY 10016 | Shelly L. Friedland |
| Telephone: (212) 682-7474 | David A. Straite |
| Facsimile: (212) 687-2329 | Natalia Williams |
| *Attorneys for KPMG LLP* | 485 Lexington Avenue, 29th Floor |
| | New York, NY 10017 |
| | Telephone: (646) 722-8500 |
| | Facsimile: (646) 722-8501 |
| | *Attorneys for Plaintiffs* |

12/28/09

SO ORDERED

/s/ U.S.D.J.

5